Louis De Bernardo, Esq.
Office of the Solicitor
U.S. Department of Labor
201 Varick Street, Room 983
New York, New York 10014
Tel.: (212) 337-2094
FAX: (212) 337-2112
Bar No. LD (7352)

SOL:LDB:SR
(04)01062

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
-------------------------------------------
ELAINE L. CHAO, Secretary of Labor,        :
United States Department of Labor,
                                           :
                    Plaintiff,                Civil Action File
                                           :
         v.                                   No.
                                           :
JAMES DOYLE; CYNTHIA HOLLOWAY;                **COMPLAINT**
MICHAEL GARNETT, MARK MACCARIELLA,         :
and the PITWU HEALTH AND WELFARE FUND,
                                           :
                    Defendants.
                                           :
-------------------------------------------

ELAINE L. CHAO, Secretary of Labor, the United States Department of Labor ("the Secretary"), alleges:

**JURISDICTION AND VENUE**

1. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., and is brought by the Secretary of Labor under ERISA §§ 502(a)(2) and (5), 29 U.S.C. §§ 1132(a)(2) and (5), to obtain relief for breaches of fiduciary duty under ERISA § 409, to enjoin acts and practices which violate the provisions of Title

I of ERISA, and to obtain other appropriate equitable and injunctive relief to redress violations and enforce the provisions of that Title.

2. The Court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

3. Venue of this action lies in the District of New Jersey pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

**PARTIES**

4. The Secretary, pursuant to §§ 502(a)(2) and (5) of ERISA, has authority to enforce the provisions of Title I of ERISA by, among other means, the filing and prosecution of claims against fiduciaries and other parties who are in violation of ERISA.

5. Defendant PROFESSIONAL INDUSTRIAL & TRADE WORKERS UNION HEALTH AND WELFARE FUND ("the Fund") at all relevant times held assets of employee welfare benefit plans within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1). The Fund is named as a defendant herein pursuant to Fed. Rule Civ. Pro. 19 solely to assure that complete relief can be granted.

6. Defendant JAMES DOYLE ("Doyle") was during the period from approximately January 1, 2002 to June 1, 2003 the owner of Privilege Care Marketing Group, Inc. ("PCMG"). During this period from approximately January 1, 2002 to June 1, 2003 defendant Doyle also exercised discretionary authority or

discretionary control respecting management of the Fund or exercised any authority or control respecting management or disposition of the plan assets of the Fund or had discretionary authority or discretionary responsibility in the administration of the Fund, and thus was a fiduciary to the Fund within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

7. Defendant CYNTHIA HOLLOWAY ("Holloway") was a trustee to the Fund during the period from approximately May 1, 2001 to September 22, 2002 and exercised discretionary authority or discretionary control respecting management of the Fund or exercised authority or control respecting management or disposition of the Fund's assets or has had discretionary authority or discretionary responsibility in the administration of the Fund, and thus, during this year, was a fiduciary of the Fund within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21). In addition, since defendant Holloway was a fiduciary to the Fund, she was a party-in-interest with respect to the Fund under ERISA § 3(14)(A), 29 U.S.C. § 1002(14)(A).

8. Defendant MICHAEL GARNETT ("Garnett") during the period from approximately May 21, 2002 to August 19, 2002 was the owner of Privilege Care Inc. ("PCI") and North Point PEO Solutions, Inc. ("NP"). Defendant Garnett also was a trustee to the Fund during the period from approximately May 30, 2002 to August 19, 2002. Defendant Garnett during these periods

exercised discretionary authority or discretionary control respecting management of the Fund or exercised authority or control respecting management or disposition of the Fund's assets or has had discretionary authority or discretionary responsibility in the administration of the Fund, and thus, during this year, was a fiduciary of the Fund within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21). In addition, since defendant Garnett was a fiduciary to the Fund, he was a party-in-interest with respect to the Fund under ERISA § 3(14)(A), 29 U.S.C. § 1002(14)(A).

    9. Defendant MARK MACCARIELLA ("Maccariella") during the period from approximately August 19, 2002 to June 1, 2003 was the owner of PCI and NP. Defendant Maccariella during these periods exercised discretionary authority or discretionary control respecting management of the Fund or exercised authority or control respecting management or disposition of the Fund's assets or has had discretionary authority or discretionary responsibility in the administration of the Fund, and thus, during this year, was a fiduciary of the Fund within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21). In addition, since defendant Maccariella was a fiduciary to the Fund, he was a party-in-interest with respect to the Fund under ERISA § 3(14)(A), 29 U.S.C. § 1002(14)(A).

## FACTUAL ALLEGATIONS

10. PCMG provided marketing and billing services to PCI and NP which were founded by David Weinstein. PCI and NP were professional employer organizations ("PEOs") that entered into so-called service contract agreements with employers denominating the contracting PEO as co-employer of its employees. PCI and NP also entered into so-called collective bargaining agreements with the Professional Industrial & Trade Workers Union ("the Union"). The Union is the sponsor of the Fund.

11. In order to obtain medical benefits from the Fund, an employer's employees had to join the so-called Union. The employer in turn was required on a monthly basis to remit two checks to PCMG. The first check was characterized as payment to the Fund. PCMG forwarded the first check to PCI and NP. The second check was characterized as payment to PCMG for administrative fees, sales commissions, and billing fees. The second check was retained and deposited by PCMG and Doyle. The only purpose of both checks was to obtain health benefits from the Fund.

12. Upon receipt of the first employer contribution check, PCI and NP transferred a portion to the third party administrators who processed and paid health claims. PCI and NP

also transferred a portion to the Union as dues. PCI and NP retained the remainder.

13. During the period from approximately January 1, 2002 to September 22, 2002 defendant Cynthia Holloway failed to monitor and correct the diversion of contributions to the Fund by PCMG.

14. During the period from approximately November 19, 2001 to September 22, 2002 defendant Cynthia Holloway failed to monitor and correct the diversion of employer contributions to the Fund by PCI and NP.

**VIOLATIONS**

15. By the conduct described in paragraphs 6 and 10-11, defendant Doyle (1) failed to administer the Fund's assets for the exclusive purpose of providing benefits to the Fund's participants and beneficiaries and defraying reasonable expenses of administering the plans under ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A); and (2) failed to administer the Fund's plan assets with the care, skill and diligence that a prudent fiduciary would have used in like circumstances in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B).

16. By the conduct described in paragraphs 8 and 10-12, defendant Garnett (1) failed to administer the Fund's assets for the exclusive purpose of providing benefits to the Fund's participants and beneficiaries and defraying reasonable expenses

of administering the plans under ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A); and (2) failed to administer the Fund's plan assets with the care, skill and diligence that a prudent fiduciary would have used in like circumstances in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B).

17. By the conduct described in paragraphs 9-12, defendant Maccariella (1) failed to administer the Fund's assets for the exclusive purpose of providing benefits to the Fund's participants and beneficiaries and defraying reasonable expenses of administering the plans under ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A); and (2) failed to administer the Fund's plan assets with the care, skill and diligence that a prudent fiduciary would have used in like circumstances in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B).

18. By the conduct described in paragraphs 8-14, defendant Holloway failed to discharge her duties with respect to the Fund solely in the interest of the participants and beneficiaries, in that the defendant Holloway (1) failed to administer the Fund for the exclusive purpose of providing benefits to the Fund's participants and beneficiaries and defraying reasonable expenses of administering the Fund under ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A); and (2) failed to administer the Fund with the care, skill, prudence and diligence that a prudent man acting in a like capacity and familiar with such matters would use in the

conduct of an enterprise of like character and with like aims under ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B).

19. By knowingly participating in the above described acts and omissions of their co-fiduciaries, knowing such acts and omissions to be breaches of fiduciary duty, the defendant fiduciaries are liable for the breaches of their co-fiduciaries pursuant to ERISA § 405(a)(1), 29 U.S.C. § 1105(a)(1).

20. By failing to discharge their fiduciary duties in compliance with ERISA § 404(a)(1) in the administration of the specific responsibilities which gave rise to their status as fiduciaries of the Fund, the defendant fiduciaries enabled each other to commit the above described fiduciary breaches, and are thus liable for those breaches of fiduciary duty committed by their co-fiduciaries pursuant to ERISA § 405(a)(2), 29 U.S.C. § 1105(a)(2).

21. By failing to make reasonable efforts under the circumstances to remedy the above described breaches of fiduciary duty by their co-fiduciaries despite having knowledge of such fiduciary breaches, the defendant fiduciaries are liable for those breaches of fiduciary responsibility committed by their co-fiduciaries pursuant to ERISA § 405(a)(3), 29 U.S.C. § 1105(a)(3).

## PRAYER FOR RELIEF

WHEREFORE, the Secretary of Labor requests that the Court enter an Order:

1. Requiring defendants James Doyle, Cynthia Holloway, Michael Garnett and Mark Maccariella to restore losses, plus interest incurred by the Fund as a result of defendants' violations of ERISA;

2. Permanently enjoining defendants James Doyle, Cynthia Holloway, Michael Garnett and Mark Maccariella from serving as a fiduciary or service provider to an ERISA-covered plan;

3. Appointing an independent fiduciary with authority and control over the management and administration of the Fund including the authority to marshal assets on behalf of the Fund, pursue claims on their behalf, and take all appropriate actions for the rehabilitation or liquidation of the Fund and distribution of assets to the Fund's participants, beneficiaries, and creditors as may be necessary and proper;

4. Ordering the defendants, their agents, employees, service providers, banks, accountants, and attorneys to preserve and provide the Secretary and the independent fiduciary all of the books, documents, and records relating to the finances and administration of the entities;

5. Awarding plaintiff Secretary of Labor the costs of this civil action; and

    6.    Providing such other relief as is equitable and just.

DATED:    April 27, 2005
               New York, New York

                                        Respectfully submitted,

_/s/ Howard M. Radzely_
HOWARD M. RADZELY
Solicitor of Labor

_/s/ Patricia M. Rodenhausen_
PATRICIA M. RODENHAUSEN
Regional Solicitor

_/s/ Louis De Bernardo_
LOUIS DE BERNARDO
Attorney
Bar No. LD (7352)

U.S. Department of Labor,
Attorneys for Plaintiff.

POST OFFICE ADDRESS:

Patricia M. Rodenhausen
Regional Solicitor
U.S. Department of Labor
201 Varick Street, Room 983
New York, New York 10014
Tel. 212-337-2083
FAX  212-337-2112