GROTTA, GLASSMAN & HOFFMAN, P.C.
Attorneys for Defendant Cynthia Holloway
75 Livingston Avenue
Roseland, New Jersey 07068
(973) 992-4800
KRM/6328

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES DOYLE, CYNTHIA HOLLOWAY, MICHAEL GARNETT, MARK MACCARIELLA and the PITWU HEALTH AND WELFARE FUND<br><br>Defendants. | Case No. 05-cv-2264 (JBS)(AMD)<br><br>**ANSWER TO COMPLAINT, CROSS-CLAIMS AND THIRD-PARTY COMPLAINT** |
| CYNTHIA HOLLOWAY,<br><br>Crossclaimant and Third-Party Plaintiff,<br><br>vs.<br><br>MICHAEL GARNETT, MARK MACARIELLA, DAVID WEINSTEIN, UNION PRIVILEGE CARE, INC., DANTE GEORENO, FRANK MILITELLO, TIM FOSTER, NEAL GOLDSTEIN and FREEDMAN & LORRY, and THE MCKEOUGH COMPANY,<br><br>Third-Party Defendants. | |

Now comes Defendant Cynthia Holloway, by and through counsel and pursuant to the Rules of this Court, files the within as her Answer, Crossclaims against

Defendants Michael Garnett and Mark Macariella and Third-Party Complaint against David Weinstein, Union Privilege Care, Inc., Dante Georeno, Frank Millitello, Tim Foster, Neal Goldtsien and Freedman & Lorry, and The McKeough Company, with separate defenses as asserted.

## JURISDICTION AND VENUE

1. Defendant Cynthia Holloway ("Holloway") admits the allegations contained in Paragraph 1 to the extent it states Plaintiff's purpose for filing a Complaint.

2. Defendant Holloway admits the allegations contained in Paragraph 2.

3. Defendant Holloway admits the allegations contained in Paragraph 3.

## PARTIES

4. Defendant Holloway admits the allegations contained in Paragraph 4.

5. Defendant Holloway admits the allegations contained in Paragraph 5 to the extent the Fund existed but otherwise denies the remaining allegations for lack of knowledge.

6. Defendant Holloway admits the allegations contained in Paragraph 6.

7. Defendant Holloway admits the status as named Trustee but otherwise denies the allegations contained in Paragraph 7 because it calls for a legal conclusion.

8. Defendant Holloway admits the allegations contained in Paragraph 8.

9. Defendant Holloway admits the allegations contained in Paragraph 9.

## FACTUAL ALLEGATIONS

10. Defendant Holloway denies the allegations contained in Paragraph 10 for lack of knowledge or information.

11. Defendant Holloway denies the allegations contained in Paragraph 11 for lack of knowledge or information.

12. Defendant Holloway denies the allegations contained in Paragraph 12 for lack of knowledge or information.

13. Defendant Holloway admits the allegations contained in Paragraph 13.

14. Defendant Holloway admits the allegations contained in Paragraph 14.

## VIOLATIONS

15. Defendant Holloway admits that if the facts as alleged in paragraph 15 of the Complaint occurred, than the legal conclusions stated therein are correct, but otherwise denies for want of knowledge whether such actions took place.

16. Defendant Holloway admits that if the facts as alleged in paragraph 16 of the Complaint occurred, than the legal conclusions stated therein are correct, but otherwise denies for want of knowledge whether such actions took place.

17. Defendant Holloway admits that if the facts as alleged in paragraph 17 of the Complaint occurred, than the legal conclusions stated therein are correct, but otherwise denies for want of knowledge whether such actions took place.

18. Defendant Holloway denies the allegations contained in Paragraph 18.

19. Defendant Holloway denies the allegations contained in Paragraph 19 to the extent it applies to Holloway.

20. Defendant Holloway denies the allegations contained in Paragraph 20 to the extent it applies to Holloway.

21. Defendant Holloway denies the allegations contained in Paragraph 21 to the extent it applies to Holloway.

## AFFIRMATIVE DEFENSES

1. Plaintiff's allegations fail to state a claim upon which relief can be granted as to Holloway.

2. Any damage or injury claimed by the Plaintiff is the result of the actions, inactions or omissions of person, entities or parties other than Holloway.

3. Any damage or injury claims by the Plaintiff is the result of the actions, inactions or omissions of entities over which Holloway has no control.

4. Holloway was subject to intentional deception, fraud and misrepresentation leaving her unable to perform any function or role asserted by Plaintiff without any fault on her own part.

5. Holloway reserves the right to amend and supplement these affirmative defenses as they become realized through discovery.

## CROSSCLAIMS AND THIRD-PARTY COMPLAINT

## FACTS APPLICABLE TO ALL CLAIMS

1. At all times material herein, Cynthia Holloway was the owner of Employers Depot, Inc., d/b/a Resource Network Leasing, Inc., is a California corporation engaged in the business of employee leasing services.

2. In 2000, Third-Party Defendant David Weinstein formed the P.I.T.W.U. under the auspices of maintaining a Taft-Hartley welfare benefit plan for participants in the union. This fund was called the PITWU Health & Welfare Fund (the "Fund").

3. In 2000, Third-Party Defendant David Weinstein represented to Cynthia Holloway that P.I.T.W.U. was a legal and valid union organization and if her employees became members of the union, they would have access to health benefits through the Fund.

4. In 2000, Third-Party Defendant David Weinstein convinced Cynthia Holloway and to become named Trustees of the Fund.

5. Between the inception of the Fund and the ultimate collapse of the Fund, Third-Party Defendants Weinstein, Frank Militello, Tim Foster and Dante Georeno and Defendant Michael Garnett acted as Trustees and/or fiduciaries of the Fund and deliberately and intentionally withheld from Cynthia Holloway information regarding Fund operation, the Fund status and the activities of the P.I.T.W.U. Union.

6. In September of 2002, Cynthia Holloway resigned as a Trustee of the Fund.

7. At various time during the life of the Fund, Union Privilege Care, Inc., Brokerage Concepts, Inc., Oak Tree Administrators, Inc., and Southern Plan Administrators, Inc., acted as third-party administrators and claims administrators for the Fund.

8. Union Privilege Care, Brokerage Concepts, Inc., Oak Tree Administrators, Inc., and Southern Plan Administrators, Inc., were responsible for collecting contributions from employers for the Fund, processing medical claims submitted to the Fund for payment, reviewing claims for payment and issuing payment for claims submitted to the Fund.

9. Third-Party Defendants Neal Goldstein and Freedman & Lorry acted as legal counsel and legal advisors to the Fund and the Fund Trustees, and participated in the creation of the Fund, and made factual and legal representations to Cynthia Holloway as regarding the Fund.

10. Third-Party Defendants The McKeough Company was employed as a professional service provider for the Fund and participated in the creation and funding calculations of the Fund.

## COUNT ONE – BREACH OF FIDUCIARY DUTY
### (Against Georeno, Foster, Garnett and Militello)

11. Cindy Holloway incorporates by reference all of the allegations of paragraphs 1 through 10 of the Crossclaim and Third-Party Complaint as if fully rewritten herein.

12. Count One is brought against Georeno, Foster, Garnett and Militello, collectively referred to hereafter as the "Trustees".

13. The Trustees are individuals named as administrators of the Fund as defined in 29 U.S.C. §1002(16) and are fiduciaries of the Fund as that term is defined in 29 U.S.C. §1102.

14. The Trustees had an obligation and duty to administer the Fund for the exclusive benefit of the Fund participants and with care, skill, prudence and diligence as required by 29 U.S.C. §1104(a)(1).

15. The Trustees had an obligation and duty to ensure the proper administration of the Fund and for proper payment of medical claims of the Fund participants.

16. The Trustees breached their fiduciary duties to Fund participants by, among other things, failing to collect employer contributions, permitting payment of excessive administrative fees, failing to report the failing status of the Fund to the other Trustees, entering into aside arrangements with entities that damaged the Fund and failing to obtain appropriate reinsurance coverage or other such insurance to protect the Fund and the participants.

17. The Trustees deliberately and intentionally withheld from Cindy Holloway information regarding the Fund and its operation, status and condition, and deliberately

and intentionally misrepresented facts to Cindy Holloway thereby preventing her from fully performing her duties as a Fund trustee.

18. As a direct and proximate result of the Trustees' breaches of duty as set forth above, Cindy Holloway and the Fund participants have been damaged and have had claims for medical expenses properly payable under the terms of the Fund left unpaid.

WHEREFORE, Plaintiff pray for judgment against the Trustees as follows:

1. For a restitution to the Fund of any proceeds of the Fund improperly removed from the Fund by the Trustees Georeno, Foster, Garnett and Militello;

2. That the Trustees Georeno, Foster, Garnett and Militello be ordered to collect missing contributions from employers participating in the Fund;

3. That the Trustees Georeno, Foster, Garnett and Militello be ordered to collect from all parties in interest administering the Fund any excessive or improper payments;

4. That the Trustees Georeno, Foster, Garnett and Militello be ordered to liquidate the fund and the assets of the Fund for the exclusive benefit of the Fund participants;

5. That Trustees Georeno, Foster, Garnett and Militello indemnify and hold Cindy Holloway harmless of and from any damages she may be required to pay as a result of the acts of Georeno, Garnett and Militello

6. For any other equitable relief deemed necessary and appropriate by this Court.

## COUNT TWO – PROHIBITED TRANSACTIONS
(Against David Weinstein, Neal Goldstein, Union Privilege Care, Inc., Freedman & Lorry, and The McKeough Company)

19. Holloway incorporates by reference all of the allegations of paragraphs 1 through 18 of the Crossclaim and Third-Party Complaint.

20. Count Two is brought against David Weinstein, Union Privilege Care, Inc., Neal Goldstein, Freedman & Lorry and The McKeough Company.

21. Jurisdiction for this claim rests in this Court under 29 U.S.C. §1132(a)(3), 29 U.S.C. §1106(a), 29 U.S.C. §1108(a) and 28 U.S.C. §1331.

22. At all times material herein, Defendants David Weinstein, Union Privilege Care, Inc., Neal Goldstein, Freedman & Lorry and The McKeough Company were "parties in interest" as that term is defined in 29 U.S.C. §1002(14).

23. Defendants David Weinstein, Neal Goldstein, Union Privilege Care, Inc., Freedman & Lorry and The McKeough Company removed assets from the Fund for payment of administrative service fees, service charges or similar expenses.

24. The proceeds of the Fund taken by Defendants David Weinstein, Union Privilege Care, Inc., Neal Goldstein, Freedman & Lorry and The McKeough Company did not represent reasonable compensation for necessary services actually rendered to the Fund.

25. Defendants David Weinstein, Neal Goldstein, Union Privilege Care, Inc., Freedman & Lorry and The McKeough Company obtained payment from the Fund without actually performing all required services for the Fund.

26. Defendants David Weinstein, Neal Goldstein, Union Privilege Care, Inc., Freedman & Lorry and The McKeough Company knew or should have know that payments taken from the Fund were in excess of reasonable payment for services rendered.

27. By their actions, Defendants David Weinstein, Union Privilege Care, Inc., Neal Goldstein, Freedman & Lorry and The McKeough Company engaged in prohibited transactions in violation of ERISA.

28. As a direct result of the violations of ERISA as set forth above, the Fund suffered loss of assets and became unable to pay claims of Fund participants.

WHEREFORE, Plaintiffs pray for relief against Defendants David Weinstein, Union Privilege Care, Inc., Neal Goldstein, Freedman & Lorry and The McKeough Company as follows:

1. That Defendants David Weinstein, Union Privilege Care, Inc., Neal Goldstein, Freedman & Lorry and The McKeough Company must disgorge to the Fund all profits and interest from assets wrongfully obtained from the Fund;

2. That Defendants David Weinstein, Union Privilege Care, Inc., Neal Goldstein, Freedman & Lorry and The McKeough Company be ordered to make restitution to the Fund for Fund assets wrongfully obtained;

3. That a constructive trust be placed over the Fund assets in possession of Defendants David Weinstein, Union Privilege Care, Inc., Neal Goldstein, Freedman & Lorry and The McKeough Company until such assets are restored to the Fund;

4. For any other equitable relief deemed necessary and appropriate by this Court.

### COUNT THREE –NEGLIGENCE
**(Against Neal Goldstein, Freedman & Lorry and The McKeough Company)**

29. Holloway incorporate by reference all of the allegations of paragraphs 1 through 28 of the Crossclaim and Third-Party Complaint as if fully rewritten herein.

30. Count Three is brought against Defendants Neal Goldstein, Freedman & Lorry and The McKeough Company.

31. At all times material herein Neal Goldstein, Freedman & Lorry and The McKeough Company were professionals rendering advice and services to the Trustees and the Plan for the purposes of providing benefits to Plan participants.

32. Defendants Neal Goldstein, Freedman & Lorry and The McKeough Company were paid fees for services rendered and these fees were paid by the Plan with Plan assets.

33. Defendants Neal Goldstein, Freedman & Lorry and The McKeough Company were obligated and had a duty to render sound financial and legal advise to the Trustees for the purpose of permitting the Trustees to properly operate and manage the Plan.

34. Defendants Neal Goldstein, Freedman & Lorry and The McKeough Company breached their respective duties to the Plan, the Trustees, and ultimately to the Plan participants by failing to rendered sound advice, by failing to advise the Trustees as to the financial status of the Plan, by failing to provide proper consultation to the Trustees and by failing to exercise sound business and legal discretion in providing advice to the Trustees.

35. As a direct and proximate result of the breaches of duty and negligence of Defendants Neal Goldstein, Freedman & Lorry and The McKeough Company, the Plan ultimately became under funded and failed, causing injury to the Plan participants as set firth in detail above.

36. As a direct result of the Defendants Neal Goldstein, Freedman & Lorry and The McKeough Company's negligent acts and breaches of duty as set forth above, the Fund suffered loss of assets and became unable to pay claims of Fund participants, and therefore caused actual damage to the Fund, its participants and it Trustees.

WHEREFORE, Cindy Holloway demands judgment against Defendants Neal Goldstein, Freedman & Lorry and The McKeough Company as follows:

1. For an award of actual and compensatory damages against Defendants Neal Goldstein, Freedman & Lorry and The McKeough Company for their breaches of duty to the Fund, its participants and the Trustees;

2. For indemnification of Cindy Holloway for any claims made against her as a result of the failures of the Fund; and

3.   For any other legal or equitable relief deemed necessary and appropriate by this Court.

## COUNT FOUR –MISREPRESENTATION
### (Against Weinstein)

37.   Cindy Holloway incorporates by reference all of the allegations of paragraphs 1 through 36 of the Crossclaim and Third-Party Complaint as if fully rewritten herein.

38.   Count Four is brought against defendant David Weinstein.

39.   At all times material herein, Defendant Weinstein was the individual who created, marketed, advertised, conceived and established PITWU and the Fund.

40.   Defendant Weinstein knew or was substantially aware that the structure of PITWU and the Fund was such that they could not be sustained as viable entities and that the Fund was underfunded from its inception.

41.   Defendant Weinstein intentionally misrepresented to Cindy Holloway that PITWU was a viable union and that the Fund was a viable fund, properly funded and ERISA qualified.

42.   Defendant Weinstein intentionally withheld information from Cindy Holloway concerning the status of the Fund and its funding deficiencies.

43.   Defendant Weinstein fraudulently misrepresented the nature, structure and funding arrangement of the Fund to Cindy Holloway to induce her participation in PITWU and the Fund.

44.   Defendant Weinstein intended for Cindy Holloway to rely on his misrepresentations, and she did in fact rely on his misrepresentations.

45.   As a direct and proximate result of the actions, misrepresentations and fraud of Defendant Weinstein, Cindy Holloway and Plaintiff RNLI was damaged in that

she has been subject to potential liability, has been subject to litigation against her, has suffered loss of income and loss of business, and has suffered damage to her personal and business reputation.

WHEREFORE, Cindy Holloway demands judgment against Defendant Weinstein as follows:

1. For an award of actual and compensatory damages against Defendant Weinstein for damages caused by his actions and misrepresentations;

2. For indemnification of Cindy Holloway for any claims made against her as a result of the failures of the Fund; and

3. For any other legal or equitable relief deemed necessary and appropriate by this Court.

### COUNT FIVE – CONTRIBUTION AND INDEMNIFICATION
(Against Defendants Garnett, Macariella, Weinstein, Union Privilege Care, Inc., Georeno, Millitello, Foster, Goldstein, Freedman & Lorry, and The McKeough Company)

46. Holloway incorporates by reference all of the allegations of the preceding paragraphs 1 through 45 of the Crossclaim and Third-Party Complaint as if rewritten herein.

47. Holloway, while denying liability as alleged by Plaintiff, hereby demands contribution from each of the Defendants and Third-Party Defendants identified herein pursuant to all applicable laws and statues for contribution among joint tortfeasors.

48. Holloway, while denying liability as alleged by Plaintiff, hereby demands indemnification from each of the Defendants and Third-Party Defendants identified herein to the extent they are found liable in any respect for aspect of liability or injury imputed to Holloway.

WHEREFORE, Defendant Cindy Holloway requests judgment dismissing the Complaint against her with prejudice, together with its attorneys' fees and costs of suit

and for relief as requested in her Crossclaims and Third-Party Complaint against the named Third-Party Defendants.

>GROTTA, GLASSMAN & HOFFMAN, P.C.
>Attorneys for Defendant Cynthia Holloway
>
>By: _____
>KEITH R. McMURDY
>For the Firm

Dated: June 22, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on this date I caused a copy of the foregoing Answer, Cross-claims and Third-Party Complaint to be served upon:

Louis De Bernardo, Esq.
Office of the Solicitor
U.S. Department of Labor
201 Varick Street – Room 983
New York, New York  10014

*Catherine Beslic*
CATHERINE BESLIC

Dated: Jun 22, 2005

502209