GROTTA, GLASSMAN & HOFFMAN, P.C.
Attorneys for Defendant Cynthia Holloway
75 Livingston Avenue
Roseland, New Jersey 07068
(973) 992-4800
KRM/6328

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES DOYLE, CYNTHIA HOLLOWAY, MICHAEL GARNETT, MARK MACCARIELLA and the PITWU HEALTH AND WELFARE FUND<br><br>Defendants. | Case No. 05-cv-2264 (JBS)(AMD)<br><br><br>**FIRST AMENDED<br>ANSWER TO COMPLAINT** |
| CYNTHIA HOLLOWAY,<br><br>Crossclaimant and Third-Party Plaintiff,<br><br>vs.<br><br>MICHAEL GARNETT, MARK MACARIELLA, DAVID WEINSTEIN, UNION PRIVILEGE CARE, INC., DANTE GEORENO, FRANK MILITELLO, TIM FOSTER, NEAL GOLDSTEIN and FREEDMAN & LORRY, and THE MCKEOUGH COMPANY,<br><br>Third-Party Defendants. | |

Now comes Defendant Cynthia Holloway, by and through counsel and pursuant to the Rule 15 of the Federal Rules of Civil Procedure, and files the within as her First

Amended Answer to the Complaint, with the responses herein intended to completely supplement and replace the answers to the allegations previously submitted:

## JURISDICTION AND VENUE

1. Defendant Cynthia Holloway ("Holloway") admits the allegations contained in Paragraph 1 to the extent it states Plaintiff's purpose for filing a Complaint.

2. Defendant Holloway admits the allegations contained in Paragraph 2.

3. Defendant Holloway admits the allegations contained in Paragraph 3.

## PARTIES

4. Defendant Holloway admits the allegations contained in Paragraph 4.

5. Defendant Holloway admits the allegations contained in Paragraph 5 to the extent the Fund existed but otherwise denies the remaining allegations for lack of knowledge.

6. Defendant Holloway admits the allegations contained in Paragraph 6.

7. Defendant Holloway admits the status as named Trustee but otherwise denies the allegations contained in Paragraph 7 because it calls for a legal conclusion.

8. Defendant Holloway admits the allegations contained in Paragraph 8.

9. Defendant Holloway admits the allegations contained in Paragraph 9.

## FACTUAL ALLEGATIONS

10. Defendant Holloway denies the allegations contained in Paragraph 10 for lack of knowledge or information.

11. Defendant Holloway denies the allegations contained in Paragraph 11 for lack of knowledge or information.

12. Defendant Holloway denies the allegations contained in Paragraph 12 for lack of knowledge or information.

13. Defendant Holloway denies the allegations contained in Paragraph 13.

14. Defendant Holloway denies the allegations contained in Paragraph 14.

## VIOLATIONS

15. Defendant Holloway admits that if the facts as alleged in paragraph 15 of the Complaint occurred, than the legal conclusions stated therein are correct, but otherwise denies for want of knowledge whether such actions took place.

16. Defendant Holloway admits that if the facts as alleged in paragraph 16 of the Complaint occurred, than the legal conclusions stated therein are correct, but otherwise denies for want of knowledge whether such actions took place.

17. Defendant Holloway admits that if the facts as alleged in paragraph 17 of the Complaint occurred, than the legal conclusions stated therein are correct, but otherwise denies for want of knowledge whether such actions took place.

18. Defendant Holloway denies the allegations contained in Paragraph 18.

19. Defendant Holloway denies the allegations contained in Paragraph 19 to the extent it applies to Holloway.

20. Defendant Holloway denies the allegations contained in Paragraph 20 to the extent it applies to Holloway.

21. Defendant Holloway denies the allegations contained in Paragraph 21 to the extent it applies to Holloway.

## AFFIRMATIVE DEFENSES

1. Plaintiff's allegations fail to state a claim upon which relief can be granted as to Holloway.

2. Any damage or injury claimed by the Plaintiff is the result of the actions, inactions or omissions of person, entities or parties other than Holloway.

3. Any damage or injury claims by the Plaintiff is the result of the actions, inactions or omissions of entities over which Holloway has no control.

4. Holloway was subject to intentional deception, fraud and misrepresentation leaving her unable to perform any function or role asserted by Plaintiff without any fault on her own part.

5. Holloway reserves the right to amend and supplement these affirmative defenses as they become realized through discovery.

WHEREFORE, Defendant Cindy Holloway requests judgment dismissing the Complaint against her with prejudice, together with its attorneys' fees and costs of suit and for relief as requested in her Crossclaims and Third-Party Complaint against the named Third-Party Defendants.

GROTTA, GLASSMAN & HOFFMAN, P.C.
Attorneys for Defendant Cynthia Holloway

By: _____
KEITH R. McMURDY
For the Firm

Dated: August 8, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on this date I caused a copy of the foregoing First Amended Answer to be served upon:

Louis De Bernardo, Esq.
Office of the Solicitor
U.S. Department of Labor
201 Varick Street – Room 983
New York, New York  10014

*Sandra Russo*
Sandra Russo

Dated: August 8, 2005

512545_1.DOC

GROTTA, GLASSMAN
& HOFFMAN, P.A.
COUNSELLORS AT LAW
75 LIVINGSTON AVENUE
ROSELAND, N.J. 07068