\06_A\LIAB\JFS\LLPG\786263\JFS\01280\00114
01280-00114-JLS
Marshall, Dennehey, Warner, Coleman & Goggin
By: John L. Slimm, Esquire (jslimm@mdwcg.com)
Woodland Falls Corporate Park
200 Lake Drive East, Suite 300
Cherry Hill, New Jersey 08002             (856) 414-6000
Attorney for Third-Party Defendants, Neal Goldstein, Esquire and Freedman & Lorry, P.C.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor, United States Department of Labor, : : : Plaintiff, : : v. : : JAMES DOYLE, CYNTHIA HOLLOWAY : MICHAEL GARNETT, MARK : MACCARIELLA AND THE PITWU : HEALTH AND WELFARE FUND : : Defendants : : ──────────────────────────────── : : CYNTHIA HOLLOWAY, : : Crossclaimant/Third-Party Plaintiff : : v. : : MICHAEL GARNETT, MARK : MACARIELLA, DAVID WEINSTEIN : UNION PRIVILEGE CARE, INC., : DANTE GEORENO, FRANK : MILITELLO, TIM FOSTER, NEAL : GOLDSTEIN AND : FREEDMAN & LORRY AND THE : MCKEOUGH COMPANY, : : Third-Party Defendants : ──────────────────────────────── : | Case No.: 05-cv-2264 (JBS)(AMD) **ANSWER TO THIRD-PARTY COMPLAINT WITH AFFIRMATIVE DEFENSES, CROSS-CLAIMS, ANSWER TO CROSS-CLAIMS, AND DEMAND FOR AFFIDAVIT OF MERIT ON BEHALF OF THIRD-PARTY DEFENDANTS, NEAL GOLDSTEIN, ESQUIRE AND FREEDMAN & LORRY, PC** |

By and through their attorneys Marshall Dennehey Warner Coleman and Goggin, Third-Party Defendants, Neal Goldstein, Esquire and Freedman & Lorry, P.C., ("Third-Party Defendants") Answer the Third-Party Complaint as follows:

## FACTS APPLICABLE TO ALL CLAIMS

1. Third-Party Defendants are without sufficient information to form a belief as to the truth of the allegations of paragraph 1 and therefore they are denied.

2. Admitted.

3. Third-Party Defendants are without sufficient information to form a belief as to the truth of the allegations of paragraph 3 and therefore they are denied.

4. Third-Party Defendants are without sufficient information to form a belief as to the truth of the allegations of paragraph 4 and therefore they are denied.

5. Third-Party Defendants are without sufficient information to form a belief as to the truth of the allegations of paragraph 5 and therefore they are denied.

6. Third-Party Defendants are without sufficient information to form a belief as to the truth of the allegations of paragraph 6 and therefore they are denied.

7. Admitted.

8. Third-Party Defendants are without sufficient information to form a belief as to the truth of the allegations of paragraph 8 and therefore they are denied.

9. Denied as stated. By way of further response, Neil Goldstein, Esquire and Freedman & Lorry, P.C. provided limited legal advice to the Fund.

10. Third-Party Defendants are without sufficient information to form a belief as to the truth of the allegations of paragraph 10 and therefore they are denied.

## COUNT ONE - BREACH OF FIDUCIARY DUTY
## (AGAINST GEORENO, FOSTER, GARNETT AND MILITELLO)

11-18. Third-Party Defendants, Neil Goldstein, Esquire and Freedman & Lorry, P.C. do not answer the allegations of Count One because the allegations are not directed to these answering Third-Party Defendants.

WHEREFORE, Third-Party Defendants request judgment in their favor and against Third-Party Plaintiff, and any other relief this Honorable Court deems just and proper.

## COUNT TWO - PROHIBITED TRANSACTIONS

19. Third-Party Defendants, Neil Goldstein, Esquire and Freedman & Lorry, P.C. hereby incorporate the responses to paragraphs 1-18 as if fully set forth herein.

20. No response is required to this paragraph.

21. Admitted.

22. The allegations of paragraph 22 are legal conclusions to which no response is required. To the extent a response is required, the allegations of paragraph 22 are denied.

23. The allegations in this paragraph are denied insofar as the allegations are directed to Third-Party Defendants, Neil Goldstein, Esquire and Freedman & Lorry, P.C.

24. The allegations in this paragraph are denied insofar as the allegations are directed to Third-Party Defendants, Neil Goldstein, Esquire and Freedman & Lorry, P.C.

25. The allegations in this paragraph are denied insofar as the allegations are directed to Third-Party Defendants, Neil Goldstein, Esquire and Freedman & Lorry, P.C.

26. The allegations in this paragraph are denied insofar as the allegations are directed to Third-Party Defendants, Neil Goldstein, Esquire and Freedman & Lorry, P.C.

27. The allegations in this paragraph are denied insofar as the allegations are directed to Third-Party Defendants, Neil Goldstein, Esquire and Freedman & Lorry, P.C.

28. Denied.

WHEREFORE, Third-Party Defendants request judgment in their favor and against Third-Party Plaintiff, and any other relief this Honorable Court deems just and proper.

### COUNT THREE – NEGLIGENCE

29. Third-Party Defendants, Neil Goldstein, Esquire and Freedman & Lorry, P.C. hereby incorporate the responses to paragraphs 1-28 as if fully set forth herein.

30. No response is required to this paragraph.

31. The allegations in this paragraph are denied as to Third-Party Defendants, Neil Goldstein, Esquire and Freedman & Lorry, P.C.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

WHEREFORE, Third-Party Defendants request judgment in their favor and against Third-Party Plaintiff, and any other relief this Honorable Court deems just and proper.

### COUNT FOUR – MISREPRESENTATION

37-45. Third-Party Defendants, Neil Goldstein, Esquire and Freedman & Lorry, P.C. provide no answer to the allegations of Count Four because the allegations are not directed to these answering Third-Party Defendants.

### COUNT FIVE – CONTRIBUTION AND INDEMNIFICATION

46. Third-Party Defendants, Neil Goldstein, Esquire and Freedman & Lorry, P.C. hereby incorporate the responses to paragraphs 1-45 as if fully set forth herein.

47. Third-Party Defendants hereby deny that Holloway is entitled to contribution.

48. Third-Party Defendants deny that Holloway is entitled to indemnification.

WHEREFORE, Third-Party Defendants request judgment in their favor and against Third-Party plaintiff, and any other relief this Honorable Court deems just and proper.

## **AFFIRMATIVE DEFENSES**

1. Third-Party Plaintiff's allegations fail to state a claim upon which relief can be granted.

2. Third-Party Defendants deny the negligence alleged, and acted within the required standard of care at all relevant times.

3   Third-Party Defendants deny the privity alleged by Third-Party Plaintiff.

4. The incident and damages alleged were caused by the actions or omissions of third persons over whom Third-Party Defendants exercise no right of control.

5. Third-Party Defendants performed each and every duty allegedly owed.

6. Third-Party Defendants breached no duties allegedly owed.

7. Third-Party Defendants deny that they proximately caused the alleged harm.

8. Third-Party Defendants acted reasonably and prudently under the circumstances and they are not liable to Third-Party Plaintiff.

9. The Third-Party Complaint is barred pursuant to the Statute of Limitations, and Third-Party Defendants reserve the right to move to dismiss.

10. The Third-Party Plaintiff's claims are barred pursuant to the Doctrines of Laches, Waiver, and Estoppel.

11. The Third-Party Plaintiff's claims are barred, or in the alternative, the damages to which the Third-Party Plaintiff is entitled must be reduced under the Doctrine of Comparative Negligence and the Comparative Negligence Act, N.J.S.A. 2A:15-5.1. *et. seq*.

12. Third-Party Defendants reserve the right to amend this Answer to incorporate additional defenses that may arise pursuant to continuing discovery.

13. Third-Party Defendants deny that there has been any deviation from approved standards of care.

14. The Third-Party Complaint is barred because Third-Party Plaintiff's failed to file an Affidavit of Merit pursuant to N.J.S.A. 2A:53A-27, and Third-Party Defendants reserve the right to move to dismiss.

15. Third-Party Defendants deny the misrepresentation alleged.

16. Third-Party Defendants deny the reliance alleged.

17. Third-Party Defendants deny that they were liable for negligence in administration.

18. Third-Party Defendants deny that they breached any fiduciary duties allegedly owed.

## CROSS-CLAIM FOR CONTRIBUTION

**PLEASE TAKE NOTICE** that Third-Party Defendants, Neal Goldstein, Esquire and Freedman & Lorry, P.C., hereby demand contribution from David Weinstein; Michael Garnett; Frank Maccariella; Dante Georeno; Frank Militello; Cindy Holloway; Tim Foster; Union Privilege Care; and The McKeogh Company pursuant to the Joint Tortfeasors Contribution Law, N.J.S.A. 2A:53A-1 *et. seq*. and the Comparative Negligence Act, N.J.S.A. 2:15-5.1 *et. seq*.

## CROSS-CLAIM FOR COMMON LAW INDEMNIFICATION

1. Third-Party Defendants deny any and all legal liability and responsibility for the acts alleged in the Third-Party Complaint.

2. If Third-Party Defendants should be found liable herein, which liability is denied, said liability will only be secondary, passive, technical, vicarious, or imputed and the liability of the co-Third-Party Defendants herein is primary, active, and direct.

WHEREFORE, Third-Party Defendants, Neal Goldstein, Esquire and Freedman & Lorry, P.C., hereby demand judgment against David Weinstein; Michael Garnett; Frank Maccariella; Dante Georeno; Frank Militello; Cindy Holloway; Tim Foster; Union Privilege Care; and The McKeogh Company herein for indemnification in full with respect to any damages which may be recovered against answering Third-Party Defendants together with interest and cost of suit.

## ANSWER TO CROSS-CLAIMS

**PLEASE TAKE NOTICE** that Third-Party Defendants hereby deny the cross-claims filed against them or to be filed against them in this action.

WHEREFORE, Third-Party Defendants request a judgment:

1. Dismissing the Third-Party Complaint with prejudice;

2. Awarding Third-Party Defendants costs and attorneys' fees; and

3. Providing such other relief as this Honorable Court may deem just and proper.

## DEMAND FOR AFFIDAVIT OF MERIT

Pursuant to N.J.S.A. 2A:53A-26, demand is hereby made for the required Affidavit of Merit as to each specific answering Third-Party Defendant within the mandatory period of time. Please further be advised that Third-Party Defendants hereby reserve the right to dismiss based upon Third-Party Plaintiff's failure to file the required Affidavit of Merit.

## **DEMAND FOR TRIAL BY JURY**

The answering Third-Party Defendants hereby demand a trial by jury as to all issues.

                        MARSHALL, DENNEHEY, WARNER,
                        COLEMAN & GOGGIN
                        Attorney for Third-Party Defendants,
                        Neal Goldstein, Esquire and Freedman &
                        Lorry, P.C.


                          /s/ John L. Slimm
                    By:_____
                          JOHN L. SLIMM

DATED:  August 14, 2005

\06_A\LIAB\JFS\LLPG\786263\JFS\01280\00114
01280-00114-JLS  (FED ID# 0941)

Marshall, Dennehey, Warner, Coleman & Goggin
By: John L. Slimm, Esquire (jslimm@mdwcg.com)
Woodland Falls Corporate Park
200 Lake Drive East, Suite 300
Cherry Hill, New Jersey 08002          (856) 414-6000
Attorney for Third-Party Defendants, Neal Goldstein, Esquire and Freedman & Lorry, P.C.

---

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor, United States Department of Labor, | : : : |
| Plaintiff, | : Case No.: O5-cv-2264 (JBS)(AMD) : |
| v. | : : |
| JAMES DOYLE, CYNTHIA HOLLOWAY MICHAEL GARNETT, MARK MACCARIELLA AND THE PITWU HEALTH AND WELFARE FUND | : : : **CERTIFICATE OF SERVICE** : : |
| Defendants | : : |
| CYNTHIA HOLLOWAY, | : : |
| Crossclaimant/Third-Party Plaintiff | : : |
| v. | : : |
| MICHAEL GARNETT, MARK MACARIELLA, DAVID WEINSTEIN UNION PRIVILEGE CARE, INC., DANTE GEORENO, FRANK MILITELLO, TIM FOSTER, NEAL GOLDSTEIN AND FREEDMAN & LORRY AND THE MCKEOUGH COMPANY, | : : : : : : : : |
| Third-Party Defendants | : : |

I hereby certify that on <u>August 14, 2005</u>, a copy of the within Answer to Third-Party Complaint with Affirmative Defenses, Cross-claims, Answer to Cross-claims, Demand for Affidavit of Merit, and Demand for Trial by Jury and this Certificate of Service to the following via e-filing or New Jersey Lawyers Service:

>Keith R. McMurdy, Esquire
>GROTTA, GLASSMAN & HOFFMAN, P.C.
>75 Livingston Avenue
>Roseland, NJ  07068
>
>Louis De Bernardo, Esquire
>Office of Solicitor
>U.S. Department of Labor
>201 Varick Street – Room 983
>New York, New York 10014

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

>/s/  John L. Slimm
>_____
>JOHN L. SLIMM

DATED:  August 14, 2005