**Karen M. Murray, Esq. (KMM0406)**
**CURETON CAPLAN, P.C.**
**950B Chester Ave.**
**Delran, New Jersey 08075**
**(856) 824-1001**
**Attorneys for James Doyle**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ELAINE L. CHAO, Secretary of Labor, UNITED STATES DEPARTMENT OF LABOR,** <br><br> **Plaintiffs,** <br><br> v. <br><br> **JAMES DOYLE, CYNTHIA HOLLOWAY, MICHAEL GARNETT, MARK MACCARIELLA, and PITWU HEALTH AND WELFARE FUND,** <br><br> **Defendants.** | **CASE NO. 05-CV-2264 (JBS-AMD)** <br><br><br><br><br><br><br><br><br><br><br><br> **ANSWER TO COMPLAINT** |
| **CYNTHIA HOLLOWAY,** <br><br> **Cross-claimant and Third Party Plaintiff,** <br><br> v. <br><br> **MICHAEL GARNETT, MARK MACCARIELLA, DAVID WEINSTEIN, UNION PRIVILEGE CARE, INC., DANTE GEORENO, FRANK MILITELLO, TIM FREEDMAN & LORRY, and THE MCKEOUGH COMPANY,** <br><br> **Third Party Defendants.** | |

Defendant, James Doyle, answers Plaintiff's Complaint and says:

## Jurisdiction and Venue

1. Admitted to the extent that this paragraph states the basis for Plaintiff's Complaint. Liability for violations alleged thereunder is specifically denied.

2. Admitted.

3. Admitted.

## Parties

4. Admitted.

5. Admitted.

6. Admitted that Answering Defendant James Doyle was an owner of Privilege Care Marketing Group, Inc. ("PCMG") from approximately January 1, 2002 to June 1, 2003. The balance of the allegations of this paragraph of the Complaint are denied.

7. Admitted.

8. Admitted.

9. Admitted.

## Factual Allegations

10. Denied that PCMG provided marketing and billing services to all of PCI and NP's customers. To the extent that Plaintiff seeks to characterize the Union, that characterization is denied. The balance of the allegations of this paragraph of the Complaint are admitted.

11. Denied as stated. To the extent that Plaintiff seeks to characterize the Union, that characterization is denied. It is admitted that medical benefits available

under the Professional Industrial & Trade Workers Health and Welfare Fund were only available to members of the Professional Industrial & Trade Workers Union members. It is admitted that the employer remitted two checks to PCMG, one for payment to the Fund, which check was forwarded to PCI and NP, and one to PCMG for its administrative fees, sales commissions, and billing fees. It is admitted further that this latter check was retained and deposited by PCMG. It is denied that any checks were retained and deposited by Doyle. It is denied that the only purpose of both checks was to obtain health benefits from the Fund.

12. Answering Defendant is without knowledge or information sufficient to form a belief as to this allegation of the complaint, and so leaves plaintiff Plaintiff to its proofs.

13. Answering Defendant is without knowledge or information sufficient to form a belief as to this allegation of the complaint, and so leaves Plaintiff to its proofs.

14. Answering Defendant is without knowledge or information sufficient to form a belief as to this allegation of the complaint, and so leaves Plaintiff to its proofs.

### **Violations**

15. Denied.

16. Answering Defendant is without knowledge or information sufficient to form a belief as to this allegation of the complaint, and so leaves Plaintiff to its proofs.

17. Answering Defendant is without knowledge or information sufficient to form a belief as to this allegation of the complaint, and so leaves Plaintiff to its proofs.

18. Answering Defendant is without knowledge or information sufficient to form a belief as to this allegation of the complaint, and so leaves Plaintiff to its proofs.

19. Denied.

20. Denied.

21. Denied.

## **Affirmative Defenses**

1. Plaintiff's Complaint fails to state a claim for which relief can be granted.

2. Plaintiff's claim is barred by the applicable Statute of Limitations.

3. Plaintiff's claim is barred by lack of duty.

4. Plaintiff's claim is barred by limited duty.

5. Plaintiff's claim is barred by failure to mitigate damages.

6. Plaintiff's claim is barred by lack of fiduciary duty with regard to the violations alleged.

7. Plaintiff's claim is barred by failure to plead with requisite specificity.

8. Plaintiff's claim is barred for lack of causal connection to the harm alleged to have been suffered.

9. Plaintiff's claim is barred as Answering Defendant was at all times acting within the scope of his employment.

10. Plaintiff's claim is barred as Answering Defendant lacked discretionary authority or control.

## Cross-Claim for Contribution and Indemnification

James Doyle asserts cross claims against all Defendants and Third Party Defendants, as follows:

1. At all times material herein, James Doyle held an ownership interest in Privilege Care Marketing Group, Inc., and entity marketing the services of Professional Employee Organizations.

2. Doyle, while denying liability as alleged by Plaintiff, hereby demands contribution from each of the Defendants and Third Party Defendants identified herein pursuant to all applicable laws and statutes for contribution among joint tortfeasors.

3. Doyle, while denying liability as alleged by Plaintiff, hereby demands indemnification from each of the Defendants and Third Party Defendants identified herein to the extent they are found liable in any aspect of liability or injury imputed to Doyle.

WHEREFORE, Answering Defendant Doyle demands dismissal of Plaintiff's Complaint with prejudice, together with attorneys' fees and costs, and for judgment in his favor on the Cross-claims.

                                                CURETON CAPLAN, P.C.
                                                Attorneys for Defendant James Doyle

                                                By___/s/ Karen M. Murray_____
                                                    KAREN M. MURRAY

Dated:   October 14, 2005