```
            THE UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor, U.S. Department of Labor, | HON. JEROME B. SIMANDLE<br><br>Civil Action<br>No. 05-2264 (JBS) |
| Plaintiff, | |
| v. | **OPINION** |
| JAMES DOYLE et al., | |
| Defendants. | |

APPEARANCES:

Howard M. Radzely, Esq.
Patricia M. Rodenhausen, Esq.
Louis De Barnardo, Esq.
Office of the Solicitor
U.S. Department of Labor
201 Varick Street, Room 707
New York, NY 10014
    Attorneys for Plaintiff Elaine L. Chao, Secretary of Labor

Michael Garnett
1211 Sandpiper Lane
Lantana, FL 33462
    Pro se Defendant

**SIMANDLE**, District Judge:

   This matter comes before the Court upon Defendant Michael Garnett's ("Garnett") motion to dismiss the complaint (the "Complaint") filed by Elaine L. Chao, Secretary of Labor for the U.S. Department of Labor (the "Secretary"). The Complaint alleges that Defendant was a fiduciary to an employee welfare benefits fund governed by the Employee Retirement Income Security Act. The Complaint continues, alleging that, in the course of

serving as a fiduciary and party-in-interest to the fund, Garnett (1) failed to administer the fund's assets for the exclusive purpose of providing benefits to the fund's participants and beneficiaries and (2) failed to administer the employee welfare benefits plan assets with the care, skill, and diligence that a prudent fiduciary would have used in violation of ERISA, 29 U.S.C. § 1104(a)(1)(A) and (B).  For the reasons expressed below, Garnett's motion to dismiss will be denied.

I.   **BACKGROUND**

On April 28, 2005, the Secretary filed a Complaint against the Professional Industrial & Trade Workers Union Health and Welfare Fund (the "Fund")[1] and four individuals - James Doyle,

---

[1] The Secretary alleges that the Fund held the assets of an employee welfare benefit plans within the meaning of ERISA, 29 U.S.C. § 1002(1) which states:

> The terms "employee welfare benefit plan" and "welfare plan" mean any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services, or (B) any benefit described in section 302(c) of the Labor Management Relations Act, 1947 (other than pensions on retirement or death, and insurance to provide such pensions).

Cynthia Holloway, Garnett, and Mark Maccariella.² (Complaint ¶¶ 5-9). In her Complaint, the Secretary alleges that these four individuals had various roles with respect to the Fund from 2002 through 2003. (Id.) For example, the Complaint alleges that all four were fiduciaries (as that term is defined under ERISA, 29 U.S.C. 1002(21)(A))³ of the Fund and thereby either:

> [E]xercised discretionary authority or discretionary control respecting the management of the Fund or exercised any authority or control respecting management or disposition of the plan assets of the Fund or had discretionary authority or discretionary responsibility in the administration of the Fund.

---

² The Professional Industrial & Trade Workers Union will be referred to as "PITWU" for the remainder of this Opinion.

³ Under ERISA, a "fiduciary" is defined as follows:

> Except as otherwise provided in subparagraph (B), a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan. Such term includes any person designated under section 405(c)(1)(B).

29 U.S.C. § 1002(21)(a).

(Id.)  The Secretary also alleges that Holloway, Garnett and Maccariella are "parties-in-interest" with respect to the Fund (as that term is defined under ERISA, 29 U.S.C. § 1002(14)(A)).[4]

In addition to their roles in connection with the Fund, three of the individual defendants (Garnett, Maccariella, and Doyle) served as owners or officers with various companies connected to the Fund.  For example, both Garnett and Maccariella served as owners of companies called Privilege Care, Inc. ("PCI") and North Point PEO Solutions, Inc. ("NP").[5]  (Id. ¶ 7-9.) According to the Complaint, PCI and NP entered into "so-called collective bargaining agreements" with PITWU and that PITWU was the sponsor of the Fund.  (Id. ¶ 10.)  Doyle was the owner of Privilege Care Marketing Group, Inc., an entity that the Secretary alleges provided marketing and billing services to PCI and NP.  (Id.)

Although the Complaint is not entirely clear on the relationship between the Fund, PITWU and these three companies (PCI, NP and PCMG) it appears that certain PITWU members could obtain medical benefits from the Fund.  (Id. ¶ 11.)  To do so,

---

[4] Under ERISA, a "party in interest" to an employee benefit plan is "(A) any fiduciary (including, but not limited to, any administrator, officer, trustee, or custodian), counsel, or employee of such employee benefit plan...."  29 U.S.C. § 1002(14)(A).

[5] Garnett served as owner of PCI and NP from May 21, 2002 through August 19, 2002 while Maccariella served as owner from August 19, 2002 through June 1, 2003.  (Compl. ¶¶ 8-9.)

the member's employer would need to pay certain monthly fees to PCMG, PCI and NP.  (Id.)  According to the Complaint, payment of fees flowed from the employer to PCMG (who retained a certain amount for administrative fees) and then to PCI/NP.  (Id.)  Upon receipt of the funds from PCMG, PCI/NP would transfer a portion of the funds to a third-party administrator who was charged with processing and paying health claims made by PITWU members.  (Id. ¶ 12.)  The other portion of the funds received by PCI/NP would be paid to PITWU (in the form of "dues"), who in turn sponsored the Fund.  (Id.)

The Complaint alleges that, from November of 2001 through September of 2002, Holloway "failed to monitor and correct the diversion of employer contributions to the Fund by PCI and NP." (Id. ¶ 14.)  Specifically, with respect to Garnett, the Complaint alleges that Garnett:

> [F]ailed to administer the Fund's assets for the exclusive purpose of providing benefits to the Fund's participants and beneficiaries and defraying reasonable expenses of administering the plans under...29 U.S.C. § 1104(a)(1)(A) and (2) failed to administer the Fund's plan assets with the care, skill and diligence that a prudent fiduciary would have used in like circumstances in violation of ERISA...§ 1104(a)(1)(B).

(Id. ¶ 16.)  In addition, the Complaint alleges that Garnett, by (i) knowingly participating in the alleged acts of his co-fiduciaries, (ii) by enabling his co-fiduciaries to commit certain fiduciary breaches and (iii) by failing to make reasonable efforts to remedy the breaches of fiduciary duty by

his co-fiduciaries, Garnett is liable for the breaches of fiduciary responsibility committed by his co-fiduciaries. (Id. §§ 19-21 citing 29 U.S.C. § 1105(a)(1)-(3)).[6]

**B.    Procedural History**

On September 12, 2005, Garnett filed a motion to dismiss the Secretary's Complaint. [Docket Item No. 16.]  The Secretary filed timely opposition to Garnett's motion on October 5, 2005, [Docket Item No. 23.], to which Garnett failed to reply.  The Court did not hear oral argument on this motion.  See Fed. R. Civ. P. 78.

**II.  DISCUSSION**

---

[6] Under ERISA, a fiduciary may be liable for breaches of fiduciary responsibility by a co-fiduciary if:

> (1) he participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach;
>
> (2) by his failure to comply with section 404(a)(1) [29 U.S.C. §§ 1104(a)(1)] in the administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach; or
>
> (3) he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach....

29 U.S.C. § 1105(a).

### A.   Standard for a Motion to Dismiss for Failure to State a Claim

Garnett's motion to dismiss fails to mention the basis for his motion. In her opposition brief, the Secretary states that she "views [Defendant's] Motion to Dismiss as a Fed. R. Civ. P. 12(c) motion for judgment on the pleadings." (Pl.'s Opp. Br. at 1.) A defendant may move to dismiss a complaint before or after filing an answer. See Fed. R. Civ. P. 12(b)(6) and (c). A motion made before an answer is filed is a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) while a motion made after an answer is filed is a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). See Frick v. Novartis Pharm. Corp., 2006 U.S. Dist. LEXIS 29659, *1 (D.N.J. May 15, 2006). Because the Court's review of the docket indicates that Garnett has not yet answered the Complaint, it is unclear to the Court why the Secretary views Defendant's motion as a motion brought under Fed R. Civ. P. 12(c) rather than 12(b)(6). However, this distinction is of no moment as the standard under which the Court must analyze the Secretary's Complaint and the Defendant's arguments are the same. See Fed. R. Civ. P. 12(h)(2); see also Turbe v. Government of Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991); Robert E. Bartkus, N.J. Federal Civil Procedure § 7-5 at 182 (1999).

A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted must be denied "unless it

appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A district court must accept any and all reasonable inferences derived from those facts. Unger v. Nat'l Residents Corp. v. Exxon Co., U.S.A., 761 F. Supp. 1100, 1107 (D.N.J. 1991); Gutman v. Howard Sav. Bank, 748 F. Supp. 254, 260 (D.N.J. 1990). Further, the court must view all allegations in the complaint in the light most favorable to the plaintiff. See Scheuer, 416 U.S. at 236; Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). Moreover, it is not necessary for the plaintiff to plead evidence, and it is not necessary to plead the facts that serve as the basis for the claim. See Bogosian v. Gulf Oil Corp., 561 F.2d 434, 446 (3d Cir. 1977); In re Midlantic Corp. Shareholder Litig., 758 F. Supp. 226, 230 (D.N.J. 1990).[7]

**B.   Analysis**

Garnett makes four major arguments in support of his motion. Unfortunately, Garnett has failed to cite any legal authority in

---

[7] The question before the court is not whether a plaintiff will ultimately prevail; rather, it is whether he can prove any set of facts in support of his claims that would entitle them to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Therefore, in deciding a motion to dismiss, a court should look to the face of the complaint and decide whether, taking all of the allegations of fact as true and construing them in a light most favorable to the nonmovant, plaintiff's allegations state a legal claim. See Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990).

support of his positions. The Court is unpersuaded by any of Garnett's arguments and Garnett has failed to satisfy his burden of proving that it is "beyond doubt" that the Secretary can prove no set of facts in support of her claim which would entitle her to relief. <u>Scheuer</u>, 416 U.S. at 236. As such, Garnett's motion to dismiss will be denied.

### 1. Failure to Attach Relevant Documents

Garnett first argues that this Court should dismiss the Complaint because the Secretary has failed to attach to her Complaint the relevant portions of the ERISA statute that the Secretary cited and upon which the Secretary relies for relief. (Def.'s Br. ¶ 1.) A plaintiff is under no obligation to attach to his or her Complaint copies of the relevant portions of a statute the plaintiff cites or relies on for the requested relief. Indeed, Fed. R. Civ. P. 8(a) sets forth only three essential elements of a complaint: (1) a short and plain statement of the grounds upon which the court has jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment. <u>See</u> Fed. R. Civ. P. 8(a). Rule 8(a) makes no mention of an obligation on the part of a plaintiff to attach relevant statutory language to the complaint.

### 2. Failure to Allege "Sufficient Ultimate Facts"

Garnett next argues that this Court should dismiss the Complaint because the Secretary failed to allege "sufficient ultimate facts" to state a cause of action or support her claims against Garnett.  (Def.'s Br. ¶¶ 2-3.)  In addition, Garnett argues that the Secretary failed to allege "sufficient ultimate facts" to support the Court entering a permanent injunction against Garnett from ever serving as a fiduciary of an ERISA fund.  (Id. ¶¶ 12.)

Again, Garnett's argument is unpersuasive.  It is not necessary for a plaintiff to plead evidence or to plead the facts that serve as the basis for the claim alleged in a complaint. See Bogosian, 561 F.2d at 446; see also Conley v. Gibson, 355 U.S. 41, 47 (1957)("The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim.")  Rather, a complaint need only provide the defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Frazier v. Southeastern Penn. Transp. Auth., 785 F.2d 65, 66 (3d Cir. 1986)(quoting Conley, 355 U.S. at 47).  This interpretation of Rule 8(a) "established...a simplified standard that imposed minimal burdens on the plaintiff at the pleading stage, and allowed 'great generality' in stating the basis of the pleader's claim."  Frazier, 785 F.2d at 66 (quoting 5 Wright & Miller, Federal Practice and Procedure §1202 (1985)).

The Secretary's Complaint more than adequately satisfies the liberal pleading standards established in Rule 8(a) and Conley. The Complaint clearly articulates that the Secretary is bringing a claim against Garnett based on his role as a fiduciary of the Fund. In addition, the Complaint makes clear that (1) he is being sued for breach of his fiduciary duty to the Fund under ERISA, (2) that the Secretary alleges that he is liable for the breaches of his co-fiduciaries and (3) the Complaint seeks money damages and to enjoin Garnett from serving as a fiduciary of an ERISA plan in the future.

### 3. Failure to Attach Documentation that Supports the Secretary's Allegations

Garnett next argues that this Court should dismiss the Complaint because the Secretary has failed to support her factual allegations by attaching the relevant supporting documents to the Complaint. Specifically, Garnett objects to the fact that the Secretary failed to attach proof that Garnett was the owner of NP or PCI, that NP and PCI had entered into various service contracts or a collective bargaining agreement with PITWU and that PCMG made certain payments to PCI/NP. (Def.'s Br. ¶ 4, 7-8.)

This Court disagrees. At this stage in the proceedings, the Court must view all allegations in the complaint in the light most favorable to the plaintiff. See Scheuer, 416 U.S. at 236; see also Jordan, 20 F.3d at 1261. As such, the Secretary is

under no obligation to include or attach to the Complaint documentation supporting her factual allegations made in the Complaint.

### 4. Use of Multiple Bases for the Secretary's Conclusions

Finally, Garnett argues that dismissal is warranted because the Secretary submitted multiple bases for the conclusion that Garnett was a fiduciary of the Fund. (Def.'s Br. ¶ 9-10.) Again this Court disagrees. The right of a plaintiff to plead in the alternative is set forth in Rule 8(a). Fed. R. Civ. P. 8(a) ("Relief in the alternative or of several different types may be demanded.") Furthermore, the Complaint, even with the multiple bases for the conclusion that Garnett was a fiduciary, still provides Garnett with fair notice of the claims the Secretary is alleging against him and therefore, satisfy the standards established by Fed. R. Civ. P. 8(a).

## III. CONCLUSION

For the reasons discussed above, Garnett's motion to dismiss will be denied. The Secretary's Complaint more than adequately complies with the liberal pleading requirements established of Rule 8(a) and gives Garnett "fair notice" of what claims the Secretary is bringing against him and the grounds upon which these claims rest. The Complaint successfully gives Garnett notice of (1) the Secretary's jurisdictional basis to bring the action, (2) the Secretary's claims (and the basis for the

claims), and (3) the types of relief sought.  The accompanying Order is entered.

| | |
|---|---|
| **June 8, 2006** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE |
| | United States District Judge |