UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
THOMAS E. PEREZ, Secretary of Labor, : Hon. Joseph H. Rodriguez
United States Department of Labor,

       Plaintiff, : Civil Action No. 05-2264

      v. : MEMORANDUM OPINION
                                                             & ORDER
JAMES DOYLE, et al., :

       Defendants. :
_____

       This matter is before the Court on a motion of the Defendant Cynthia Holloway pursuant to Local Civil Rule 7(i) for reconsideration of the Court's December 1, 2014 Opinion issued in favor of Plaintiff. Upon considering the motion and Plaintiff's opposition thereto, the Court will deny reconsideration.

       "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). It must be stressed, however, that reconsideration is "an extraordinary remedy" and is granted "sparingly." NL Indus., Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996).

       To succeed on a motion for reconsideration, the moving party must show "more than a disagreement" with the decision it would like reconsidered. Anders v. FPA Corp., 164 F.R.D. 383, 387 (D.N.J. 1995). Instead, there must be some "dispositive factual matters or controlling decisions of law" that were presented to the Court, but not considered. Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 215 F. Supp. 2d 482, 507 (D.N.J. 2002); United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999). Thus, a "mere recapitulation of the cases and arguments considered by the court before rendering the original decision" does not warrant a grant of reconsideration. Carteret Sav. Bank, F.A. v. Shushan, 721 F. Supp. 705, 706 (D.N.J.

1989), modified, 919 F.2d 225 (3d Cir. 1990); accord In re Gabapentin Patent Litigation, 432 F. Supp. 2d 461, 463 (D.N.J. 2006); S.C. v. Deptford Twp. Bd. of Educ., 248 F. Supp. 2d 368, 381 (D.N.J. 2003).

A motion for reconsideration will likewise fail if the moving party merely raises arguments or presents evidence that could have been raised or presented before the original decision was reached.   NL Indus, 935 F. Supp. at 516.   Thus, the moving party must actually present "something new or something overlooked by the court in rendering the earlier decision."   Khair v. Campbell Soup Co., 893 F. Supp. 316, 337 (D.N.J. 1995) (citing Harsco Corp., 779 F.2d at 909).   The word "overlooked" is the operative term and has been consistently interpreted as referring only to facts and legal arguments that might reasonably have resulted in a different conclusion had they been considered.   Summerfield v. Equifax, 264 F.R.D. 133, 145 (D.N.J. 2009) (citing United States v. DeLaurentis, 83 F. Supp. 2d 455, 474 n.2 (D.N.J. 2000)).

Defendant Holloway has not presented the Court with an intervening change in the controlling law, evidence not previously available, or a clear error of law that will result in manifest injustice.

Accordingly,

IT IS ORDERED this 8th day of January, 2015 that Defendant Holloway's motion for reconsideration [302] of this Court's December 1, 2014 decision is hereby DENIED.

                                   /s/ Joseph H. Rodriguez
                                  JOSEPH H. RODRIGUEZ
                                  U.S.D.J.