UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SECRETARY OF LABOR, | : | Hon. Joseph H. Rodriguez |
| | : | |
| *Plaintiff*, | : | Civil Action No. 05-cv-2264 |
| | : | |
| v. | : | **OPINION** |
| | : | |
| JAMES DOYLE, CYNTHIA HOLLOWAY, et al., | : | |
| | : | |
| *Defendants*. | : | |

This Opinion addresses the narrow issue of whether Defendant Cynthia Holloway ("Holloway") must pay prejudgment interest on the $776,709 judgment entered against her for having breached her fiduciary duties as a trustee to an employee benefit plan governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* For the reasons set forth below, the Court finds that imposing prejudgment interest would be inequitable in this case and declines to do so.

I. **Background**

The facts of this fifteen-year-old case are familiar to the parties, and the Court recites only the facts necessary to address the narrow issue before the Court. On November 13, 2020, the Court issued an opinion finding that Holloway, a trustee and fiduciary for the Professional Industrial & Trade Workers Union ("PITWU") Health and Welfare Fund ("the Plan"), an employee benefit plan governed by ERISA, breached fiduciary duties that she owed to the Plan under 29 U.S.C. §§ 1104 and 1105. [Dkt. 385]. Specifically, the Court found that in August 2002 and September 2002 Holloway ignored red flags which indicated that other Plan trustees were executing a scheme to divert employer contributions away from the Plan. [*Id.*.]. The Court applied 29 U.S.C. § 1109(a)—the ERISA provision addressing liability for breaches of fiduciary

1

duty—and found Holloway jointly and severally liable for restitution to the Plan for $776,709, the amount diverted from the fund during that two-month period in 2002. [*Id.*]. The Court reserved on the issue of whether Holloway must pay prejudgment interest on the $776,709 and, if so, the appropriate interest rate. The parties submitted supplemental briefing on this narrow issue. [Dkt. 386, 391–92].

## II. Legal Standard

Although ERISA does not expressly require defendants to pay prejudgment interest, district courts may award prejudgment interest "to make plaintiffs whole and to preclude defendants from garnering unjust enrichment." *Nat'l Sec. Sys., Inc. v. Iola*, 700 F.3d 65, 102 (3d Cir. 2012) (citing *Holmes v. Pension Plan of Bethlehem Steel Corp.*, 213 F.3d 124, 133 (3d Cir. 2000)). *See also Fotta v. Trustees of United Mine Workers of Am., Health & Ret. Fund of 1974*, 165 F.3d 209, 213 (3d Cir. 1998) (citations omitted) (same). District courts have discretion to determine whether prejudgment interest is equitable in each case. *Fotta*, 165 F.3d at 212.

## III. Application

At the outset, Holloway urges the Court to apply a four-factor test to determine whether prejudgment interest is equitable. [Def's Opp., Dkt. 391 at 5]. The Court is unaware of authority supporting the application of this four-factor test in the ERISA context, and declines to apply this four-factor test here. Nevertheless, the Court will consider Holloway's arguments as necessary when exercising its discretion to determine whether prejudgment interest would be equitable in this case.

The Secretary argues that prejudgment interest is required in this case "to make the Plan whole," [Dkt. 386 at 1–2], and to allow the Plan to repay beneficiaries for outstanding benefits claims. [Dkt. 392]. The Secretary argues that Holloway's conduct deprived the Plan of funds

that the Plan should have invested to benefit the Plan subscribers, and that prejudgment interest will compensate the plan for "lost opportunity cost of nearly two decades." [Dkt. 386 at 2]. In response Holloway argues that prejudgment interest would be inequitable based on precedent, her limited role in the scheme to divert Plan Funds, the Secretary's lack of diligence in prosecuting its case, and Holloway's decision to report the diversion of funds to the Department of Labor in October 2002. [Dkt. 391].

The Court agrees with Holloway that prejudgment interest would be inequitable under the facts and circumstances of this case. *Anthuis v. Colt Indus. Operating Corp.*, 971 F.2d 999, 1009 (3d Cir.1992)) (noting that courts have discretion to deny prejudgment interest "when its exaction would be inequitable."). As Holloway point out, the facts of this case differ from many of those upon which the Secretary relies. [Dkt. 391]. In those cases, plan beneficiaries sued plan trustees to recover interest accrued on specific unpaid claims for ERISA plan benefits. *See, e.g.*, *Fotta v. Trustees of United Mine Workers of Am., Health & Ret. Fund of 1974*, 165 F.3d 209, 210 (3d Cir. 1998) ("This appeal calls upon us to decide whether the beneficiary of an employee plan may bring an action under [ERISA] against the plan to recover interest on benefits the plan paid after some delay…."); *Anthuis v. Colt Indus. Operating Corp.*, 971 F.2d 999, 1001 (3d Cir. 1992) ("[W]e affirm the district court's judgment in so far as it awards severance pay and prejudgment interest to Groscost."). *See also Nat'l Sec. Sys., Inc. v. Iola*, 700 F.3d 65, 73 (3d Cir. 2012) (plaintiffs were employers who sued financial planner to recover funds paid into a sham benefit plan). The courts in those cases held that beneficiaries may be entitled to unpaid benefits as well as the prejudgment interest for those unpaid benefits. *See, e.g.*, *Anthuis v. Colt Indus. Operating Corp.*, 971 F.2d 999, 1010 (3d Cir. 1992). ("[I]n the district court's discretion, prejudgment interest may be awarded <u>for a denial of pension benefits</u>.") (emphasis added). This

fact pattern gave rise to the Third Circuit's general pronouncement that district courts may award prejudgment interest "to make <u>plaintiffs</u> whole and to <u>preclude defendants from garnering unjust enrichment</u>." *Iola*, 700 F.3d at 102 (emphasis added).

Neither of these two justifications for prejudgment interest is present in this case. First, the "Plaintiff" is not the Secretary in this case, and prejudgment interest would not make the "Plaintiff" whole. The Secretary is not a plan beneficiary seeking prejudgment interest on an unpaid claim, and the Secretary has not otherwise tied Holloway's breach of her fiduciary duties to any specific unpaid benefits. *See Perez v. Koresko*, 86 F. Supp. 3d 293, 396–97 (E.D. Pa. 2015), *judgment entered*, No. CIV.A. 09-988, 2015 WL 1182846 (E.D. Pa. Mar. 13, 2015), *amended*, No. CIV.A. 09-988, 2015 WL 2236692 (E.D. Pa. May 13, 2015), *and aff'd sub nom. Sec'y U.S. Dep't of Lab. v. Koresko*, 646 F. App'x 230 (3d Cir. 2016) (declining to award prejudgment interest for more egregious misconduct because the Secretary failed to "limit[] his request of prejudgment payment to any provable amount of death benefits payment to beneficiaries pursuant to the plans that Koresko failed to make.") (record citations and quotations omitted).[1] The Secretary argues that the Plan still owes millions of dollars in unpaid claims to Plan beneficiaries and that, by "making the plan whole," prejudgment interest will help to make-whole the individual beneficiaries. [Dkt. 386 at 1-2; 392]. The Court does not disagree with the Secretary on either point. However, it does not follow that it would be equitable for Holloway—

---

[1] The Secretary cites *Perez v. Kwasny*, 159 F. Supp. 3d 565, 576 (E.D. Pa. 2016) as an example where the same court as *Koresko* "not only granted prejudgment interest on a fiduciary breach without any showing of denied claims, but did so at the very rate suggested by the Secretary here." [Dkt. 392]. *Perez* is not binding on this Court, and does little to persuade the Court because the fiduciary in that case intentionally diverted plan funds for the benefit of his law firm. *See Kwasny*, 159 F. Supp. 3d at 568 (noting that the defendant "withdrew contributions from his employees' paychecks but purposefully failed to deposit those contributions into the Plan in a timely manner" and "directed that the withheld contributions be commingled with the general assets of [his law firm] and be used for the benefit of the Firm.").

of all the culpable actors in this case—to guarantee the Plan's financial wellbeing through prejudgment interest.

Indeed, Holloway's limited role in the scheme to divert Plan funds itself renders prejudgment interest inequitable in this case. Holloway did not engage in any intentional misconduct or otherwise help to divert plan funds. Further, Holloway resigned from her role as a trustee only two months after "red flags" alerted her to her co-trustees' misconduct, and she reported their misconduct to the Department of Labor in a good-faith effort to protect the Plan and Plan beneficiaries. [Dkt. 391 at 14–15]. While Holloway certainly breached her fiduciary duties to plan beneficiaries during those two months, the Court has already ordered her to pay restitution for the funds diverted during those two months as ERISA requires. Because of her limited role in the diversion of Plan funds, it would not be equitable to hold Holloway accountable for her co-fiduciaries' misconduct any more than the law requires. *See Iola*, 700 F.3d at 102 (acknowledging district court's discretion to reduce equitable relief where a defendant played a "minor role in the underlying ERISA violation").

Second, there is no dispute that Holloway did not personally receive or otherwise benefit from the diverted plan funds, and therefore was not "unjustly enriched" by diverted Plan funds or the time-value of those funds. *Cf. Moore v. CapitalCare, Inc.*, 461 F.3d 1, 13 (D.C. Cir. 2006) ("[T]o permit the fiduciary to retain the interest earned on wrongfully withheld benefits would amount to unjust enrichment—a fiduciary would benefit from failing to pay ERISA benefits."). Thus, prejudgment interest would neither "make Plaintiffs whole" nor guard against unjust enrichment in this case.

Finally, this case's fifteen-year lifespan also counsels against prejudgment interest. While the Court declines to find, as Holloway argues, that the Secretary lacked diligence in

5

prosecuting this case [Dkt. 391 4–8], the Court acknowledges that this case lingered in part due to delays and circumstances over which Holloway had no control.  Fifteen years' worth of interest calculated at the Secretary's proposed interest rate would likely result in interest equal to or more than the restitution that Holloway must pay.  In the Court's view, such a result would be inequitable.

### IV.  Conclusion

For the reasons discussed above, the Secretary's request for prejudgment interest is denied.  An appropriate order will follow.

March 16, 2021                                                          /s/  Joseph  H.  Rodriguez

                                                                                                 Hon. Joseph H. Rodriguez, USDJ